| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) §: | **02D01-2002-CT-000126** |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ Allen Superior Court 1 |

ANTONIO WARD-COLBERT,          )
                                                      )
          Plaintiff,                                 )
                                                      )
v.                                                    )
                                                      )
GMRI, INC., d/b/a CHEDDAR'S          )
SCRATCH KITCHEN,                          )
                                                      )
          Defendant.                              )

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Antonio Ward-Colbert, a former employee of Defendant who, at all times relevant to this complaint, was a resident of Fort Wayne Indiana.

2. The Defendant is GMRI, Inc., which operates the Cheddar's Scratch Kitchen located at 305 West Coliseum Boulevard, Fort Wayne, Indiana, and with a registered agent address of Corporate Creations Network, Inc., 8520 Allison Pointe Boulevard, #220, Indianapolis, Indiana 46250. The Defendant is an "employer" for purposes of Indiana's Wage Statutes.

3. Plaintiff worked for Defendant as a dishwasher from on or about April 13. 2016 until Plaintiff quit after a dispute in wage rate on or about September 1, 2019.

4. During the Court of his employment the Plaintiff received a pay increase to the rate of $13.00 per hour on or about December 24, 2017.

5. Plaintiff began to notice that his wages appeared lower than he believed they should have been. He approached Cheddar's management and asked about this. After about

3-4 complaints from Plaintiff, the General Manager decided to review the computer records.

6.  Plaintiff at that time was being paid at the rate of $11.00 per hour, but the GM, Kevin, noted that Plaintiff had entries in the computer system showing his rate to be $13.00 per hour – Kevin indicated he did not understand and disputed why a 'dishwasher' would be paid at the rate of $13.00 and indicated he would have to check with his manager about the computer records of $13.00 per hour.

7.  The wages for the Plaintiff were never changed back to the $13.00 hour rate of pay, no explanation or reasoning was ever provided to Plaintiff, and Plaintiff voluntarily terminated his employment with the Defendant on or about September, 2019.

8.  Plaintiff was never given any advance notice that his rate of pay was going to be reduced from $13.00 to $11.00 until after it occurred, and then only when the Plaintiff pointed it out, upon a review of his direct deposit bank records.

9.  Plaintiff contends that the failure to notify him in advance of any reduction in wage is a violation of Indiana wage law, which requires that employers must give the employees advance notice of a wage reduction.  The employee must then agree to continue working at the reduced wage.

10. In making this allegation, Plaintiff relies upon I.C. § 22-2-9-1 *et seq.* as well as cases such as Maisha Williams v. Riverside Community Corrections Corporation, 846 N.E.2d 739 (Ind. App. 2006).

11. Plaintiff contends he is owed the back wages from the time his wage was decreased from $13.00 per hour to $11.00 per hour until the last date of his employment.

12. Plaintiff contends that any overtime for which he was paid, should have been calculated off of a base wage rate of $13.00 per hour, and that the failure to properly compensate him for overtime, is violative of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*

13. Defendant has violated the Indiana Wage Payment Act, I.C. § 22-2-5-1. Because of Defendant's failure to pay Plaintiff, it is subject to liquidated damages of an amount equal to two (2) times the amount of wages due, costs and attorney fees pursuant to I.C. § 22-2-5-2.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, liquidated and/or punitive damages (if available), reasonable attorneys' fees, costs of the action, and for all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:     cmyers@myers-law.com
Counsel for Plaintiff